Fred A. Basehore, Appellant, *v.* Commonwealth of Pennsylvania, Public School Employes' Retirement Board, Appellee.

Argued December 4, 1973, before Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT. President Judge BOWMAN did not participate.

*Lewis F. Adler,* for appellant.

*Raymond Kleiman,* Deputy Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 18, 1974:

This is an appeal from an adjudication of the Public School Employes' Retirement Board which denied Fred A. Basehore (Basehore) the right to purchase military service credit for benefits in the Public School Employes' Retirement Fund.

The parties have filed a stipulation of facts which reads as follows:

1. Fred A. Basehore, the Appellant, has been employed in the public schools of Pennsylvania continuously since January 23, 1957, and is still so employed.

2. As such an employe he has been and is a contributor to the Public School Employes' Retirement Fund.

3. The Appellant attended Shippensburg State Teachers College from September 1932 until June 1934.

4. On April 16, 1935, he enlisted in the United States Navy and served until his voluntary retirement with the rank of Chief Warrant Officer on June 30, 1955.

5. Upon retirement from military service he received a government pension.

6. In September 1955 he re-enrolled as a student at Shippensburg State Teachers' College and graduated with a degree of Bachelor of Science in January 1957.

7. On January 23, 1957, he was employed as a teacher by the Chambersburg School District and has taught in the public schools of Pennsylvania continuously since that date.

8. He is currently employed in the Unionville-Chadds Ford School District.

9. On January 21, 1969, Appellant filed a written application for five (5) years of credit for military service in the Public Schools Employes' Retirement System pursuant to the provisions of Section 505(2), the Public School Employes' Retirement Code of 1959,

24 P.S. Section 3505, and Section 206(6) of said Act, 24 P.S. Section 3206.

10. On January 29, 1969, the Secretary of the Public School Employes' Retirement Board denied his application.

11. Upon request for reconsideration by the Board on March 13, 1973, Appellant was advised that upon recommendation of its Appeals Committee, at its monthly meeting on March 9, 1973, the Board denied Appellant's application for credit.

12. On April 11, 1973, an appeal from that determination was taken to the Commonwealth Court of Pennsylvania.

Basehore seeks five years of credit for military service in the Public School Employes' Retirement System pursuant to Section 206(6) of the Public School Employes' Retirement Code of 1959, June 1, 1959, P. L. 350, as amended, 24 P.S. §3101 et seq., which provides:

"Section 206. Credit for Military Service.

. . . .

"(6) Any school employe who is a contributor and who served in the armed forces of the United States subsequent to September 1, 1940, and who was not a school employe prior to such period of military service and who commenced teaching (i) within three (3) years from the date of release from active duty or (ii) within one (1) years from date of completion of pre-teaching education if he began his pre-teaching education within two (2) years from the date of release from active duty, shall upon compliance with the provisions of Article V, section 505, subsection (2), be entitled to have full credit for each year or fraction thereof not to exceed five (5) years of the service in the armed forces of the United States upon his payment to the fund of back contributions according to the provisions of Article III, section 302, subsection (4.1)."

Since the Appellant served in the armed forces of the United States subsequent to September 1, 1940, and he commenced teaching within three (3) years from the date of release from active duty, Appellant would appear to fit into the requirements of the statute.

Appellee, however, urgently argues that it was not the intention of the legislature to provide career officers, who receive military pensions, the right to purchase credit in the Public Employes' Retirement Fund and that to permit the Appellant or others similarly situated to obtain such a credit for military service would entitle them to greater benefits than those who rendered similar service to a school district. Appellee contends that the language ". . . who served in the armed services of the United States subsequent to September 1, 1940 . . ." requires some form of compulsory military service be performed after that date and not voluntarily and continuously prior to that date in order for one to be eligible to purchase credit for military service.

While the Appellees would like Section 206(6) to express this position, we find that it cannot be supported by the clear language of the provision. Since the Appellant "served in the armed services of the United States subsequent to 1940: and no legislative limitation was placed on the type or length of service, Appellant is clearly entitled to buy five (5) years credit for military service. The intent of the legislature is mustered from the language of the statute by itself where such language is clear and unambiguous. *Woolworth Company v. Pittsburgh*, 2 Pa. Commonwealth Ct. 338, 284 A. 2d 143 (1971). This is the case here.

*State Employes' Retirement Board v. O'Brien*, 93 Dauph. 101 (1970) and *Etters v. State Employes' Retirement Board*, 83 Dauph. 1 (1964), cited by Appellee, lend no real substance to its position.

Accordingly, we enter the following

ORDER

AND NOW, this 18th day of April, 1974, the adjudication of the Public School Employes' Retirement Board dated March 9, 1973, is reversed and the record in this case is remanded to the Board for proceedings consistent with this Opinion.